CARLIE CHRISTENSEN, Acting United States Attorney (#633)
STEWART WALZ, Assistant United States Attorney (#3347)
KARIN FOJTIK, Assistant United States Attorney (#7527)
ALICIA COOK, Assistant United States Attorney (#8851)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, ~~Choose an item~~. DIVISION

Central kwf

| UNITED STATES OF AMERICA, | Case No. 2:11cr876 |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| vs. | AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) |
| PORTIA LOUDER, | |
| Defendant. | Judge Robert J. Shelby |

   I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

   1.   As part of this agreement with the United States, I intend to plead guilty to Count 15, 17 of the Superseding Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me. The elements of Count 15, Wire Fraud are:

The elements of Count 15, 18 U.S.C. § 1343 (Wire Fraud), are:

   First, the defendant knowingly devised or intended to devise a scheme to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises;

   Second, the defendant acted with specific intent to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises;

𝑁 SECOND

Third, the defendant used or caused another to use interstate wire communications facilities for the purpose of carrying out the scheme; and

Fourth, the scheme employed false or fraudulent pretenses, representations or promises that were material.

The Elements of Count 17, Conspiracy:

A. I agreed with at least one other person to violate the law

B. Either I or one of my co-conspirators performed at least one overt act further the conspiracy's objective

C. I knew the essential objectives of the conspiracy

D. I knowingly and voluntarily participated in the conspraicy

E. There was an interdependence among the members of the conspiracy

2. I know that the maximum possible penalty provided by law for Count 15 of the Superseding Indictment, a violation of 18 U.S.C. § 1343, (Wire Fraud)is a term of imprisonment of up to 30 years, a fine of $1 million, a term of supervised release of up to five years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

I know that the maximum possible penalty provided by law for Count 17 of the Superseding Indictment, a violation of 18 U.S.C. § 371 (conspiracy)is a term of imprisonment of up to 5 years, a fine of $250,000, a term of supervised release of up to three years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offense [or offenses] shall be ordered pursuant to 18 U.S.C. § 3663A.

b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

    a. I have a right to the assistance of counsel at every stage of the proceeding.

    b. I have a right to see and observe the witnesses who testify against me.

    c. My attorney can cross-examine all witnesses who testify against me.

    d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

    e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

    f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    g. The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

    h. It requires a unanimous verdict of a jury to convict me.

      i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

Beginning in about September 2005, and continuing until about July 2007, in the Central division of the District of Utah, I together with DW, and others, participated in inflating the price of homes to obtaining financing from financial institutions at an inflated purchase price. This was accomplished by me, and others, offering to purchase a property at a seller's asking price, and inserting other third parties into subsequent transactions to purchase the home at an inflated price.

I, with DW, and others, agreed to furnish false information about borrower's residence and intended residences, as alleged in the indictment to the lending institutions. I knew false information was being provided for the purpose of influence these lenders.

Furthermore, interstate wire transfers were used to obtain the proceeds from these fraudulently obtained loans.

I acknowledge that on December 10, 2007, as part of my scheme, related to 381 Wayne Court, I caused to I caused $1million of loan proceeds to be wired ~~from Colorado~~ in interstate commerce to Utah, and that this transaction was material. [handwritten: "in interstate commerce" KW JBW]

I did this in violation of 18 U.S.C. 371, and 18 U.S.C. 1343.

3

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

 a. **Guilty Plea.** I will plead guilty to Counts 15 and 17_ of the [Enter Charging Document Name].

 b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 0-84 months' imprisonment, and further agree that 0-84 months is a reasonable sentence.

  (1) I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

  (2) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 0-84 months will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than 0-84 months, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.



 c. **Dismissal of Counts.** The government agrees to move for leave to dismiss Count[s] 14, and 16 at the time of sentencing. The government also agrees not to seek indictment against me for any other [type of offense or specific offenses] of which the United States Attorney's Office for the District of Utah is aware at this time.

 d. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

 e. **Appeal Waiver.**

  (1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I

may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement.

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, except as set forth in (2)(a) above, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

f. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

g. **Restitution]**

(1) I agree that, pursuant to the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1), the Court shall order me to pay restitution. I also agree to pay restitution to victims of unpleaded or uncharged relevant conduct pursuant to 18 U.S.C. § 3663A(a)(3). I agree that my relevant conduct constitutes an offense for which mandatory restitution would be required by 18 U.S.C. § 3663A(c)(1), and that restitution shall be ordered by the Court.

I agree that the issue of restitution is not an agreed figure at this time, and both parties will be free to address restitution issues at the time of sentence.

~~codefendants, and agree that this amount shall not be reduced or increased through apportionment of liability under 18 U.S.C. § 3664(h).~~

(2) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664, and that under 18 U.S.C. § 3664(h), the Court can make me liable for the full amount of restitution owed. I agree to pay all restitution as

5

ordered by the Court. I understand the payment of restitution is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(3) I understand that the government will recommend, and I agree that the Court should order, that during incarceration my restitution will be payable on a schedule of the greater of $10.00 every three months or 50% of my income in prison from both institution and other sources. I agree to pay restitution during any period of incarceration imposed on me.

(4) I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

h. **Waiver of Interest.** The government agrees to recommend that the Court waive interest for fines and restitution assessed against me.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\* \* \* \*

I make the following representations to the Court:

1. I am _43_ years of age. My education consists of _12 years_. I _can_ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

6

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 9th day of August 2014

_____
PORTIA LOUDER
Defendant


I certify that I have discussed this plea agreement with the defendant, that I have fully explained his [her] rights to him [her], and that I have assisted him [her] in completing this written agreement. I believe that he [she] is knowingly and voluntarily entering the plea with full knowledge of his [her] legal rights and that there is a factual basis for the plea.

DATED this 8 day of Aug, 2014

_____
Jon Williams
Attorney for Defendant

7

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 8th day of August, 2014

CARLIE CHRISTENSEN
Acting United States Attorney

_____
Stewart Walz
Assistant United States Attorney

8